IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ISABELLE C. BREITFELDER,<br>    Plaintiff,<br><br>v.<br><br>ALEXANDER C. BINEGAR,<br>    Defendants. | Case No. 4:20-cv-04222-JEH |

## Order and Opinion

Before the Court is the Defendant, Alexander C. Binegar's, motion for partial summary judgment on punitive damages.[1] (D. 26 & 27)[2]. For the reasons stated, *infra*, the motion is denied.

The Plaintiff, Isabelle Breitfelder, filed a Complaint invoking this Court's diversity jurisdiction, alleging that she suffered injuries in a traffic collision resulting from Binegar's negligence, to wit, failure to keep a proper lookout, making an unsafe lane change, operating a motor vehicle while using an electronic communication device, driving upon the highway at a speed greater than reasonable and proper with regard to traffic conditions and in a manner endangering the safety of other persons and property, and driving recklessly. (D. 1 at ECF p. 2). She also seeks punitive damages, alleging that Binegar's acts were "willful and wanton and showed a disregard for the rights and safety of others." *Id.*

---

[1] The parties consented to the jurisdiction of a magistrate judge. (D. 23 & 24).
[2] Citations to the Docket in this Court are abbreviated as "D. __ at ECF p. __." Binegar's motion for partial summary judgment is filed twice on the docket, once at D. 26 and again at D. 27, which is the same motion with exhibits filed under seal.

1

The collision occurred around 9:30 p.m. on November 11, 2018. Breitfelder sat in the right front seat of a van travelling west on Interstate 74 in the right lane. Binegar drove a passenger car also travelling west on the highway, but in the left lane. Binegar's car entered the right lane and struck the van. Binegar testified at his deposition that the van began passing him on the right immediately before the collision, at perhaps 80 miles per hour, while his vehicle was set on cruise control at 76 miles per hour. (D. 27-2 at ECF p. 6, 11). However, the occupants of the van testified that Binegar passed the van at a high rate of speed in the left lane before drifting into the right lane and striking the van. Indeed, the van's driver testified that she travelled at 70 miles per hour, and Binegar passed her like "we were standing still," she estimated that he drove at a speed of 80 or 85 miles per hour. (D. 27-4 at ECF p. 5).

The Illinois State Trooper on the scene testified that Binegar made a statement to the effect that he was texting while driving at the time of the collision, and she issued him a citation for operating a motor vehicle while using an electronic communication device pursuant to 625 ILCS 5/11-709(a).[3] (D. 28-1 at ECF pp. 10-11). However, at his deposition, Binegar denied making any such statement to anyone and testified that rather than texting and driving, he reached for his cell phone which had slid off the passenger seat and onto the floor after he tapped his breaks. He stated that his "[h]ands came off the steering wheel" and his "head was below the dash" and "eyes were off the road for a split second" as he reached for the phone, (D. 27-2 at ECF p. 6, 11), although he also agreed that the time it took for him to reach down and pull up his phone was at least three seconds. (D. 27-2 at ECF p. 11).

---

[3] A court subsequently dismissed the citation.

In his motion for partial summary judgment, Binegar argues that the punitive damages claim "fails as a matter of law" because, even assuming he drove his car while texting, "there are no reported decisions of courts in Illinois or the Seventh Circuit assessing punitive damages based on a defendant's use of an electronic device while driving." (D. 27 at ECF p. 3-40). He also argues that in other jurisdictions, other courts have only found punitive damages appropriate where additional acts or circumstances beyond the defendant's use of a cell phone make their actions particularly egregious—circumstances which, according to him, are not present in this case.

Breitfelder responds that punitive damages are allowed if the acts complained of are committed under circumstances exhibiting a reckless disregard for the safety of others. Her claim for punitive damages is not based solely on the allegation that Binegar texted while driving, but also on the allegations that he was speeding, made an improper lane change, and had his hands off the wheel with his head below the dashboard while passing another vehicle on cruise control on the highway. The combination of these actions, according to Breitfelder, demonstrates willful and wanton conduct sufficient to allow the claim for punitive damages to be presented to the jury. (D. 28 at ECF p. 9-10).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. at 24. Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). When considering a

motion for summary judgment, the Court must make all reasonable inferences in favor of the non-moving party. *Perez v. K & B Transportation*, 967 F.3d 651, 655 (7th Cir. 2020).

As both parties acknowledge, "the preliminary question of whether the facts of a particular case justify the imposition of punitive damages is properly one of law." *Kelsay v. Motorola Inc.*, 74 Ill.2d 172, 186 (1978). "Under Illinois law, 'punitive . . . damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with gross negligence as to indicate a wanton disregard of the rights of others.'" *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017).

Binegar asks this Court to pass judgment on a tidy legal question, to wit, can an allegation of texting while driving *alone* ever support a punitive damages claim. As he argues, no Illinois or Seventh Circuit case holds that this fact *alone* would be sufficient to support a punitive damages claim. Moreover, his review of the decisions from other jurisdictions on the issue would make for an interesting law review article.  However, a punitive damages claim based solely on texting while driving is not this case.

Breitfelder's punitive damages claim involves much more than just texting while driving. Specifically, drawing all reasonable inferences in her favor as this Court must, her claim involves Binegar driving at night at a high rate of speed over the speed limit while texting on a highway and passing another vehicle. Combining Binegar's version of events with Breitfelder's version, the facts look even worse.  In this scenario, Bigenar is not texting, but is instead driving at night at a high rate of speed over the speed limit with his hands off the wheel and head below the dash for at least three seconds while he is passing another vehicle.

Of course, these are just two of many possible factual scenarios a jury could find based on the facts in this case. The jury could find the facts support some other

scenario. Assume, for example, the jury accepts the entirety of Binegar's deposition testimony. In this scenario, Binegar is travelling down the highway at night on cruise control doing 76 miles per hour (6 miles over the speed limit) when he takes his hands off the wheel and puts his head below the dash for at least 3 seconds, after which time he collides with the van passing him on the right. This is Binegar's version of events mind you. Whether even this "best case scenario" for Binegar constitutes "gross negligence as to indicate a wanton disregard of the rights of others," *see Parker*, 845 F.3d at 812, is for a jury to decide, not this Court.

In other words, Binegar's motion for partial summary judgment is based upon a false premise that the punitive damages claim here relies solely on an allegation that he was texting while driving at the time of the collision. Both the Complaint and the facts adduced during discovery, including Binegar's own deposition testimony, demonstrate that the punitive damages claim is based upon the *combination* of several acts and circumstances which may support a claim that Binegar behaved with wanton disregard to the rights of others. Ultimately, the jury will need to decide what the facts are and whether they rise to the level of supporting a punitive damages claim.

*Ergo*, Bineger's motion for partial summary judgment is denied.

*It is so ordered.*

Entered: March 22, 2022

s/Jonathan E. Hawley
U.S. Magistrate Judge